UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                                                          CRIMINAL ACTION NO. 3:07CR-36-S

TYRONE MONTGOMERY                                                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Tyrone Montgomery, to suppress evidence seized pursuant to two search warrants (DN 19). The basis for the motion is that Nelson Circuit Court Judge Charles C. Simms, III formerly prosecuted Montgomery when Simms was an Assistant Commonwealth Attorney in Nelson County. Montgomery contends that Judge Simms could not have been a neutral and detached magistrate when considering the applications for search warrant which led to the indictment in this case.

The following facts are undisputed.

Judge Simms was an assistant in the Nelson County Commonwealth Attorney's Office when Montgomery was prosecuted on various drug charges. Montgomery has four prior convictions in the Nelson Circuit Court:

- 1998   possession of marijuana

- 1999   possession of marijuana, possession of marijuana while in possession of a firearm, carrying a concealed deadly weapon, operating on a suspended drivers license

- 2001   trafficking in a controlled substance

- 2003   trafficking in a controlled substance, possession of marijuana, possession of drug paraphernalia

The parties agree that a judge must disqualify himself in any proceeding where his impartiality might reasonably be questioned. *See ie., United States v. DeLuna*, 763 F.2d 897, *cert.*

*denied*, *sub nom. Thomas v. United States*, 474 U.S. 970, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). "[T]he courts must also insist that the magistrate purport to 'perform his "neutral and detached" function and not serve merely as a rubber stamp for the police." *United States v. Leon*, 468 U.S. 897, 914, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677 (1984), *quoting, Aguilar v. Texas*, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964). "A magistrate failing to 'manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application' and who acts instead as 'an adjunct law enforcement officer' cannot provide valid authorization for an otherwise unconstitutional search." *Id.*, *quoting, Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326-327, 99 S.Ct. 2319, 2324-2325, 60 L.Ed.2d 920 (1979).

The last date upon which Judge Simms had any involvement with the prosecution of Montgomery was May 8, 2003. Judge Simms became a Nelson Circuit Court Judge on June 20, 2003. The applications for search warrants for 106 Guiness Court and 1117 Plum Run Road and affidavits in support of those applications were presented to Judge Simms in 2007, almost four years after he left the Commonwealth Attorney's office.

Montgomery does not argue that there is any relation between the prior and present charges. As noted in *Jenkins v. Bordenkircher*, 611 F.2d 162 (6th Cir.), *cert. denied*, 446 U.S. 943, 100 S.Ct. 2169, 64 L.Ed.2d 798 (1980), "Though the duty to vacate the bench is absolute in a situation where the judge was a [prosecuting] attorney at the time when the case before him began, *United States v. Amerine*, 411 F.2d 1130 (6th Cir. 1969), this rule applies only when the case before him is the same as or is related to the case which was within his jurisdiction as prosecuting attorney." *Jenkins*, 611 F.2d at 166. The court further held that "[a]bsent some showing of hostility or prejudgment we will not assume that a state court judge would not be able to give a defendant a fair trial solely because of his earlier contacts with the defendant in prosecuting totally unrelated charges. Thus we look at the record to see if there is evidence of hostility or bias." *Id.* Montgomery has shown none. He offers only Judge Simms' familiarity with Montgomery, his family, and their prior criminal

convictions. We conclude that this is insufficient under the Sixth Circuit standard to call into question the judgment of this judicial officer. *See also*, *United States v. DeLuna*, *supra*.

Montgomery challenges the finding of probable cause for issuance of the warrant for 106 Guiness Court. Montgomery recites the following portion of the affidavit:

> On or about this date Tyrone Montgomery was followed from his residence to this location. Prior to leaving his residence he did not have crack cocaine in his possession. After Tyrone Montgomery entered the 106 Guiness Ct. residence he returned to his residence. Upon his return to his residence he had crack cocaine in his possession. Tyrone was followed as he left his residence and returned to his residence and he made no other stops. The aforementioned events were part of a previous narcotics transaction in which a confidential and reliable source of information stated Tyrone did not have crack cocaine in his possession until he went to 106 Guiness. After Tyrone went into 106 Guiness Tyrone and the confidential source went into Tyrone's residence and Tyrone sold the confidential source approximately three ounces of crack cocaine.

Montgomery contends that probable cause to search Guiness Court relies on the assertion that he retrieved cocaine from there, but that there was insufficient corroboration of this premise. The affidavit in question is not a model of clarity. However it does disclose that a confidential informant knew that Montgomery did not have crack cocaine on his person until he retrieved it from the Guiness Court residence and brought it back to his own residence. This information was corroborated by surveillance of Montgomery. He was observed leaving his residence, going to Guiness Court, and returning to his residence without making any additional stops, and then he proceeded to sell three ounces of crack cocaine. The court concludes that this was sufficient information upon which to find probable cause to believe that drugs were present at the Guiness Court location. While further detail concerning the observation of Montgomery traveling to and from the Guiness Court address might have been helpful, failure to include such detail does not render the information concerning Montgomery's activities infirm.

Further, there is no contention that there was any knowing or reckless falsity in the affidavit. The court does not find that the affidavit is so wholly lacking in probable cause as to conclude that the magistrate wholly abandoned his judicial role in issuing the warrant or that the officers' reliance

upon the warrant was not in good faith or was objectively unreasonable. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Montgomery challenges the particularity of the search warrant for the Plum Run Road residence on the ground that the house number for the residence was off by one digit. The house which was the target of the search warrant and was the house actually searched was 1117 Plum Run Road. The affidavit and warrant recited the address as 1197 Plum Run Road. The warrant described the premises as "a single story brown brick residence with black shutter and white trim. The residence has a shingle style roof and concrete driveway." The warrant also contained driving directions to the residence and a color photograph of the house.

> The Sixth Circuit has stated with respect to the requirement of sufficient particularity:
>
> The test for determining whether a search warrant describes the premises to be searched with sufficient particularity "is not whether the description is technically accurate in every detail," *Prout*, 526 F.2d at 387-88, but rather whether the description is sufficient "to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched." *Gahagan*, 865 F.2d at 1496 (quoting *United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir. 1979)); *see also United States v. Dorrough*, 927 F.2d 498, 500 (10th Cir. 1991)(noting that the "requisite specificity of the description...depends heavily on the facts of each case").

*United States v. Durk*, 149 F.3d 464, 465-66 (6th Cir. 1998). In the *Durk* case, despite the transposition of numbers in the house address and the description of the location as three houses "east" as opposed to "west" of a particular intersection, the court found that the errors were not fatal to the validity of the warrant. The court found sufficient particularity in the description of a number of unusual features which clearly distinguished the house from others of similar construction in the area. In this instance, we have an actual color photograph of the residence to accompany the physical description and directions to the location. The error in one digit in the house number thus was not of critical magnitude to affect the validity of the warrant. *Contrast*, *Knott v. Sullivan*, 418 F.3d 561 (6th Cir. 2005)(warrant for search of vehicle invalid where virtually every descriptor of the vehicle was incorrect, including the vehicle's make and model, the VIN number, the license plate

number);  *Elliott v. City of Clarksville*, 2007 WL 470467 (M.D.Tenn. Feb. 9, 2007)(the warrant described a completely different residence which was searched in error).  We conclude that the warrant contained enough accurate information to render the warrant sufficiently particular under the Fourth Amendment.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Tyrone Montgomery, to suppress evidence (DN 19) is **DENIED.**

**IT IS SO ORDERED.**