UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                             PLAINTIFF

v.                                                                 CRIMINAL ACTION NO. 3:07CR-36-S

TYRONE MONTGOMERY                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Tyrone Montgomery, to dismiss the indictment herein for violation of the Speedy Trial Act, 18 U.S.C. § 3161. Montgomery was indicted on April 2, 2007. He has not yet been tried. The defendant filed his motion to dismiss on January 15, 2008. The United States filed its response on February 4, 2008.[1] Montgomery did not file a reply brief.[2]

The Speedy Trial Act requires that the defendant be brought to trial within seventy days of the later of the date of indictment or the date of the defendant's first appearance on the charges, unless additional time is excludable under the various provisions of the statute. 18 U.S.C. § 3161(c)(1).

After Montgomery's indictment on April 2, 2007, fifty days of speedy trial time elapsed. Current defense counsel was not brought into the case until over one month after Montgomery was indicted. He filed the first clock-stopping motion on May 23, 2007, moving for a continuance of the trial date. The time from the filing of the motion, through July 30, 2007, the date set for further

---

[1] This response was filed out of time and without an accompanying motion for late filing. There has been no objection lodged by the defendant, however, so the response brief will be accepted and considered by the court.

[2] The court allowed the time for filing of a reply to run prior to taking the matter under submission so as to afford the defendant an opportunity to respond to the facts offered by the United States. As the defendant has not replied, the court accepts the recitation of facts propounded by the United States as true and conceded by the defendant.

proceedings, was designated excludable time in the interests of justice. In the interim, on July 15, 2007, Montgomery filed a motion to suppress evidence.

On July 30, 2007, the court held further proceedings in the matter and discussed the pending motion to suppress. The United States recalls that defense counsel indicated that the ruling on the motion to suppress would be dispositive and that there would be no trial.[3] The United States asserts that it understood this to mean that Montgomery would consider the United States' plea offer if and when the suppression issue was resolved against him. The court issued its ruling on the suppression issue on October 22, 2007. The period of time from the filing of the motion through its disposition on October 22, 2007 was also excludable time.[4]

The period of time which is the principal source of dispute is the period from the date of the court's ruling on the motion to suppress evidence through the filing of the motion to dismiss the indictment. This period, from October 22, 2007 through January 15, 2008, is an additional eighty-five days.

The United States contends that this period of time was excludable time inasmuch as it was the understanding of the parties that they were engaged and continuing to engage in plea negotiations after the court's ruling on the suppression motion. Indeed, the United States asserts that "[t]he last plea negotiation and conversation was held in the halls of the United States Courthouse shortly before Christmas. It was during this conversation that the Defendant's attorney indicated that he would 'get back with me' regarding the Government's plea offer." United States Response, p. 5. Rather than respond to the offer, defense counsel filed this motion to dismiss. The defendant

---

[3]The conference was not held on the record. However, the defendant has not disputed this representation.

[4]The court ordered on July 30, 2007 that the period from July 30 through the hearing on the motion to suppress was excludable time in the interest of justice. Briefs continued to be filed as late as October 3, 2007. The court ordered on October 5, 2007 that no hearing was necessary. The court denied suppression on October 22, 2007. The Speedy Trial Act contains an automatic exclusion not to exceed thirty days for delay during which such a matter is under advisement by the court. § 3161(h)(1)(J). Thus the period October 5, 2007 through October 22, 2007 is automatically excludable, and the entire period from the filing of the motion until its disposition constitutes excludable time.

has not denied the United States' assertions. Additionally, we note that the defendant did not move for a trial date. *See, Barker v. Wingo*, 407 U.S. 514, 527-28, 92 S.Ct. 2182, 2190-91, 33 L.Ed.2d 101 (1972)("A defendant has no duty to bring himself to trial. This does not mean, however, that the defendant has no responsibility to assert his right... The defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right."); *United States v. Lattany*, 982 F.2d 866, 882 (3d Cir. 1993)(defendant may not obtain an open-ended continuance for own convenience, then later claim the court abused its discretion in granting continuance). To condone the defendant's gamesmanship in the plea bargaining process would result in a miscarriage of justice. *Lattany, supra.*, *United States v. Hill*, 172 F.3d 50, 1999 WL 17645 (6th Cir. (Tenn.)), *unpubl., cert. denied*, 528 U.S. 884, 120 S.Ct. 201, 145 L.Ed.2d 169 (1999); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987); *United States v. McCree*, 2006 WL 2010840 (N.D.Ohio July 17, 2006).

The court therefore concludes that the period of time from October 22, 2007 through January 15, 2008 is excludable time as a permissible delay resulting from other proceedings concerning the defendant, and finding that the ends of justice served by the continuance of the matter in light of ongoing plea negotiations outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(1); 3161(h)(8)(a); (h)(8)(b)(i).

The period of time from the filing of the motion on January 15, 2008 through February 19, 2008, the date upon which any reply was due, is automatically excluded under §3161(h)(1)(F), as is the time for the court to consider the motion and issue a ruling.[5] There remains a period of twenty days from the date of entry of this memorandum opinion and order in which to bring this matter to trial.

---

[5] A period of time not exceeding thirty days during which this matter has been under advisement. § 3161(h)(1)(J).

Therefore, for the reasons set forth herein and the court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Tyrone Montgomery, to dismiss the indictment for violation of the Speedy Trial Act (DN 31) is **DENIED** and this matter is **SCHEDULED FOR TRIAL BY JURY on March 24, 2008 at 9:30 a.m. prevailing local time.  Counsel shall confer and notify the court by joint pleading within seven (7) days of the date of entry of this order the expected length of trial.**

**IT IS FURTHER ORDERED** that **no later than seven (7) days prior to trial** the parties shall file a trial memorandum containing the following:

A.  The statute(s) involved and elements of the offense. (With discussion of authorities, if disputed).

B.  A statement of disputed and undisputed facts.

C.  A separate statement of each substantive issue of law, with discussion and citations to authorities.

D.  A statement of evidentiary issues which it is reasonably anticipated will be raised at trial together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

E.  A statement of any known or reasonably anticipated trial problems, or information concerning other issues which may assist the court in trying the case.

F.  Proposed substantive and special jury instructions with citations to authorities.  It is not necessary to submit standard general instructions.  Additional requests at trial are to be kept to a minimum.

G.  Proposed voir dire questions.

**IT IS SO ORDERED.**