UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL ACTION NO. 3:07CR-36-S

TYRONE MONTGOMERY DEFENDANT

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who hopes to gain more favorable treatment in his own case may have a reason to make a false statement because of a desire to strike a favorable bargain with the United States.

So, while such a witness may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**COUNTS 1, 2, AND 3**

Title 21, United States Code, Section 841(a)(1), makes it a federal crime for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine base and cocaine are "controlled substances" within the meaning of the law.

The defendant can be found guilty of this crime as charged in any of Counts 1, 2, or 3 only if all of the following facts are proved beyond a reasonable doubt as to the defendant with respect to that count:

**Counts 1 and 2**

First: That the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of cocaine base as charged in that count of the indictment; and

Second: That he possessed the substance charged in that count with the intent to distribute it.

**Count 3**

First: That the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of cocaine base and/or a mixture or substance containing a detectable amount of cocaine as charged in that count of the indictment; and

Second: That he possessed the substance charged in that count with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The law recognizes several kinds of possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" is used in these instructions, it includes sole and joint possession.

**SPECIAL INTERROGATORY AS TO COUNTS 1, 2, AND 3**

If you have found the defendant guilty as to any of Counts 1, 2, or 3, you must also decide what quantity of the mixture or substance containing a detectable amount of cocaine base he possessed on or about the date set forth in the indictment with respect to that count. With respect to any such count, you will determine whether the United States has proven beyond a reasonable doubt that the quantity of a mixture or substance containing a detectable amount of cocaine base was:

As to Counts 1 or 2, or both of them: 50 grams or more
OR
5 grams or more, but less than 50 grams
OR
Less than 5 grams.

As to Count 3: 5 grams or more
OR
Less than 5 grams
OR
None.

You will complete the special interrogatory or interrogatories on the verdict form asking you to answer this question with respect to any of Counts 1, 2, or 3 of which you have found the defendant guilty.

**LESSER INCLUDED OFFENSE OF SIMPLE POSSESSION**

If you have found the defendant, Tyrone Montgomery, not guilty of the crimes charged in Counts 1, 2, or 3, you will proceed to determine whether he is guilty of the lesser included offense of simple possession of the controlled substance charged in Counts 1, 2, or 3.

The defendant can be found guilty of this crime with respect to any of Counts 1, 2, or 3 only if the following facts are proved beyond a reasonable doubt as to the defendant with respect to that count:

**Counts 1 and 2**

> That the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of cocaine base as charged in that count of the indictment.

**Count 3**

> That the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of cocaine base and a mixture or substance containing a detectable amount of cocaine as charged in that count of the indictment.

**SPECIAL INTERROGATORY AS TO THE LESSER INCLUDED OFFENSE OF SIMPLE POSSESSION AS TO COUNTS 1, 2, AND 3**

If you have found the defendant guilty as to the lesser included offense of simple possession as to any of Counts 1, 2, or 3, you must also decide what quantity of the mixture or substance containing a detectable amount of cocaine base he possessed on or about the date set forth in the indictment with respect to that count. With respect to any such count, you will determine whether the United States has proven beyond a reasonable doubt that the quantity of a mixture or substance containing a detectable amount of cocaine base was:

As to Counts 1 or 2, or both of them: More than 5 grams
OR
5 grams or less

As to Count 3: More than 5 grams
OR
5 grams or less
OR
None

You will complete the special interrogatory or interrogatories on the verdict forms asking you to answer this question with respect to the lesser included offense of simple possession as to any of Counts 1, 2, or 3 of which you have found the defendant guilty.

I want to make clear to you two things because these instructions can seem a little confusing:

First, if you find the defendant guilty as to any of Counts 1, 2, or 3, you must also answer the special interrogatory on quantity as to that count or counts.

Second, with respect to any count on which you find the defendant guilty, and for which you have answered the special interrogatory, you will end your deliberations with respect to that count. You will only deliberate with respect to the lesser included offense as to any count if you have first found the defendant not guilty as to that count.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the United States proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

A separate crime is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not affect your verdict as to any other crime charged.

The defendant is on trial only for those specific crimes alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.